IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS,<br>          Plaintiff,<br><br>vs.<br><br>MICHEL BROS. MASONRY, INC.,<br>          Defendant. | District Judge:<br><br>Magistrate Judge:<br><br>Case No: |

## COMPLAINT

Plaintiff, the Construction Industry Welfare Fund of Rockford, Illinois, by its attorneys, WilliamsMcCarthyLLP, brings this Complaint against Defendant, Michel Bros. Masonry, Inc.

### COUNT I
### (Failure to Pay Contributions to the Fund)

1. Jurisdiction in this cause is based upon §301 of the Labor-Management Relations Act ("LMRA"), as amended. 29 U.S.C. § 185(a).

2. Jurisdiction in this cause is also based upon §502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. 29 U.S.C. § 1132.

3. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in this District because The Construction Industry Welfare Fund of Rockford, Illinois is administered in Rockford, Illinois (referred to as "the Fund" or "Plaintiff").

4. The Fund is a multi-employer benefits plan withing the meaning of ERISA. It is established and maintained pursuant to its respective Agreements and Declarations of Trust in accordance with § 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Fund has standing to sue pursuant to 29 U.S.C. § 1132(d)(1) and 29 U.S.C. § 185(a).

5. Defendant is engaged in the construction industry and is doing business within this geographic area, is an industry affecting interstate commerce, and is an employer within the meaning of § 3(5) of ERISA and § 301(a) of the LMRA.

6. Bricklayers Local Union No. 3, ("the Union") is a labor union which represents its members in negotiations and dealing with employers with respect to rates of pay, hours of work, and other conditions of employment.

7. On or about June 1, 1992, Defendant entered into a Memorandum of Agreement with the Union, evidence of which is attached hereto and made a part hereof as **Exhibit A**.

8. Under the terms of the Memorandum of Agreement, and the Collective Bargaining Agreement and Trust Agreements incorporated therein (the "Agreements"), Defendant is required to make contributions on behalf of its employees covered by the Agreements for health and welfare benefits, apprentice, working dues and to submit monthly remittance reports in which it identifies the employees covered under the Agreements and the amount of contributions to be remitted to the Fund on behalf of each covered employee.

9. Under the terms of the Agreements, contributions to the Fund is due on the 15th day of the month following the month hours are worked and are considered delinquent after the 25th day of the month.

10.     Under the terms of the Agreements, any employer who fails to make the contributions by the 25th day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect the amounts owed.

11.     Under the terms of the Agreements to which Defendant is bound, Defendant is required to submit its books and records to the Fund on demand for an audit to determine benefit contribution compliance.

12.     Beginning March 31, 2019 through September 30, 2019, Defendant has failed to report and/or pay contributions and/or liquidated damages owed to the Fund in violation of its contractual obligations and the obligations under State and Federal law (see **Exhibit B** attached hereto and made a part hereof).

13.     As a direct and proximate result of Defendant's failure to pay contributions, Defendant's employees are in jeopardy of losing their health and welfare eligibility and benefits.

14.     Defendant's actions in failing to make timely reports and contributions violate § 515 of ERISA, 29 U.S.C. § 1145, and §301 of the LMRA. 29 U.S.C. § 185.

15.     Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), §301 of the LMRA, 29 U.S.C. § 185, and the terms of the Agreements, Defendant is liable to the Fund for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions, reasonable attorney's fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment against Defendant, Michel Bros. Masonry, Inc., as follows:

  (a) Directing Defendant to submit its books and records to an audit on demand by Plaintiff;

  (b) Entering judgment in a sum certain against Defendant on any amount shown due and owing pursuant to the audit, including unpaid contributions, liquidated damages, interest, audit costs and attorney's fees and costs;

  (c) Enjoining Defendant from violating the terms of the Agreements;

  (d) Awarding Plaintiff any further legal and equitable relief as the Court deems appropriate; and

  (e) Ordering Defendant to remain current in payment of all contributions to the Fund.

      THE CONSTRUCTION INDUSTRY WELFARE
      FUND OF ROCKFORD, ILLINOIS, Plaintiff,
      By: WILLIAMSMCCARTHYLLP

      /s/ Troy E. Haggestad
      Troy E. Haggestad (#06229384)
      WILLIAMSMcCARTHY, LLP
      120 West State Street, Suite 400
      P.O. Box 219
      Rockford, IL 61105-0219
      815/987-8900
      thaggestad@wilmac.com




SUPPLEMENTAL AGREEMENT:

The undersigned parties by affixing their signatures to this document bind themselves with respect to their adherence to the Collective Bargaining Agreement between the Peoria Mason Contractors Association and the Bricklayers Local Union No. 3 of Illinois, regarding wages, fringe benefits, hours and other conditions of employment for each Journeyman, and/or Apprentice members or employees working under the jurisdiction of the International Union of Bricklayers & Allied Craftsmen Local Union No. 3 of Illinois.

If a contractor fails to meet his contractual requirements with respect to wages or with respect to making contributions to the trust funds as required by the Collective Bargaining Agreement, the Union shall have the right to secure compliance and the contractor shall be liable for all costs for collecting the payments due under the aforesaid Agreement.

MICHEL BROS. MASONRY, INC.
CONTRACTING FIRM

BRICKLAYERS LOCAL UNION NO. 3

456 S. NEBRASKA
ADDRESS

BY _Donald R. Cain_
BUSINESS MANAGER

MORTON, IL 61550

309-266-9219
(AREA CODE) PHONE NUMBER

BY _Wm Michel_

Date Signed ___June 1___ 19_92_





CONSTRUCTION INDUSTRY FUND OF ROCKFORD
1322 EAST STATE STREET SUITE 300
ROCKFORD, IL 61104
815-399-0800

MICHE BROTHERS MASONRY, INC
456 S NEBRASKA
MORTON, IL 61550

11/26/2019

10163

Page 1 of 1

Your payroll submission(s) for the following were delinquent. You have been assessed a delinquent penalty as follows:

| ACCT | FUND | PAY PERIOD | DEPOSIT DT | FUND AMT | % | PENALTY AMT | PD AMT | PD DT | WAIVE |
|---|---|---|---|---|---|---|---|---|---|
| CIRBCT | C1W-R | 03/31/2019 | 05/03/2019 | $4,688.55 | 10.00 | $468.86 | $468.86 | 07/12/2019 | |
| CIRBCT | C1W-R | 04/30/2019 | 06/07/2019 | $6,608.48 | 10.00 | $660.85 | | | |
| CIRBCT | C1W-R | 05/31/2019 | 08/05/2019 | $7,001.78 | 10.00 | $700.18 | | | |
| CIRBCT | C1W-R | 05/31/2019 | 08/05/2019 | $6,603.80 | 10.00 | $660.38 | | | |
| CIRBCT | C1W-R | 07/31/2019 | 10/15/2019 | $5,443.10 | 10.00 | $544.31 | | | |
| CIRBCT | C1W-R | 08/31/2019 | 10/15/2019 | $5,750.50 | 10.00 | $575.05 | | | |
| CIRBCT | C1W-R | 09/30/2019 | 11/07/2019 | $5,024.40 | 10.00 | $502.44 | | | |
| Totals | | | | $23,828.54 | | | $20,185.13 | | |
| Total Due upon Receipt | | | | $3,643.41 | | | | | |

Please remit penalty due under separate cover from any hours submissions. Please attach a copy of this letter with your remittance.
Thank you